IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WENDELL ELIJAH BATES,**

        Plaintiff,

        v.                      **Civil Action No. 5:23-CV-252**
                                            Judge Bailey

**MEDICAL STAFF AT THE EASTERN
REGIONAL JAIL IN MARTINSBURG,
WEST VIRGINIA,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On July 12, 2023, the plaintiff, an inmate at USP Canaan in Waymart, Pennsylvania, filed a *pro se* Complaint against the above-named defendant pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

The Complaint concerns events which occurred while plaintiff was an inmate at Eastern Regional Jail and Corrections Facility in Martinsburg, West Virginia. Plaintiff alleges that around April 25, 2022, he visited the medical department about a foot injury and informed the staff that he needed to see an orthopedic doctor but was denied. Although the Complaint is not a model of clarity, plaintiff appears to be alleging that he

was denied necessary medical treatment.  Petitioner asks the Court to award $300,000 in damages for malpractice.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See **Neitzke** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  **Denton v. Hernandez**, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

### IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint fails to state a claim.  The Complaint fails to name any valid defendant for

---

[1] **Id.** at 327.

purposes of a § 1983 action, naming only "Medical staff at the Eastern Regional Jail in Martinsburg, West Virginia." 42 U.S.C. § 1983 creates a cause of action against any "*person* who" acts under color of law. (emphasis added). Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. **Gomez v. Toledo**, 446 U.S. 635, 640 (1980). Plaintiff has failed to allege any individual violated his constitutional rights. To the extent he seeks to bring his claim against Eastern Regional Jail, such claim is not cognizable under § 1983. The Eleventh Amendment bars such suits against the State, and § 1983 does not provide an exception. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]" **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989) (citing **Quern v. Jordan**, 440 U.S. 332 (1979)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." **Will**, 491 U.S. at 71. Because plaintiff has failed to name a valid defendant, the Complaint should be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to state a claim and that his pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**, and the fee waived.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  July 14, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE